————O————

## No. 3273.

(Court of Appeal, Parish of Orleans).

## IN RE JOHN F. LINDNER, Praying, Etc.

The presumption of validity of the tax title has not been rebutted
Reversed and remanded.

Appeal from the Civil District Court, Division A.

Theo. Cotonio, Defendant in Injunction, and Appellant.

W. W. Wall, Exceptor and Appellee.

DUFOUR, J.   The purchaser at a tax sale asked for a writ of possession and was met with an injunction by a purchaser at a prior tax sale.   It is proper at the outset to determine the exact nature of the action.   It is real, because it involves real estate, but it is not petitory, because the plaintiff in injunction is in possession, and his prayer is to restrain defendant from disturbing him in his possession.   Neither is it a jactitation suit, for it does not ask for damages or for the erasure of the defendant's tax title.   Its declaration is actual possession as owner, that defendant is on a tax title asking for a writ of possession, and that said title is void: 1st, for want of notice of sale to the owner; 2nd, because the property was not assessed in the name of the owner; 3rd, because at the time of said assessment and of the inauguration by the city of the proceedings leading up to the tax sale, the property was owned by the State.

Lindner's answer to the injunction seeks its dismissal on the ground of nullity of title of the enjoiner, and the issue of ownership is not tendered by either party.

The sole question presented is, therefore, who is entitled to the possession of the property.

The presentation of a tax deed to the Court, under the Statutes, authorizes a writ of possession.   We are confronted with two tax deeds, one from the state to Howcott, based on an assessment in the name of one Blanchin, between 1880 and 1888; another from the city on an assessment for 1898, in the name of one Martinez.

The State's acquisition and holding of title from 1885 to May, 1901 prevented the city from selling but did not necessarily vitiate the assessment in the name of the delinquent tax-payer during that period.   When Lindner bought from the city, Howcott had been in possession for several months.

The tax deed of Lindner is "prima facie" valid, and carries with it the presumption that the assesment in the name of Martinez was correct, that the notice was served on delinquent tax payer, i. e. the owner, in the manner indicated by the Constitution, and the jurisprudence construing that instrument.

No proof was adduced by plaintiff in injunction to rebut these presumptions, and as there must be proof available to clear the issue, we deem it proper to remand the case to enable any competent proof to be presented by both parties.

Judgment reversed, and cause remanded for trial in accordance

29

with the views herein expressed; plaintiff in injunction to pay costs of appeal, and those of the lower Court to await the final determination of the cause.

November 9th, 1903.